UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASANTA RAF KAFLE,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, Facility Administrator of Mesa Verde Detention Center, et al.,<br><br>Respondents. | Case No. 1:26-cv-01663-KES-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENTS' MOTION TO DISMISS[1]<br><br>(Doc. 6)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Basanta Raf Kafle, an immigrant detainee in U.S. Immigration Customs and Enforcement ("ICE") custody at the Mesa Verde Processing Center in Bakersfield, California, initiated this action, through counsel, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on February 27, 2026. (Doc. 1, "Petition"). Petitioner challenges his ICE detention without a pre-deprivation bond hearing, arguing it violates his procedural and substantive due process rights under the Fifth Amendment. (*Id*. at 16-18). He seeks, *inter alia*, a writ of habeas corpus directing Respondents to release him immediately from custody. (*Id*. at 19).

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

Petitioner filed a motion for temporary restraining order ("TRO") with his Petition. (Doc. 2). On March 18, 2026, the assigned district judge denied the TRO because Petitioner had already received at least one bond hearing under 8 U.S.C. § 1226(a), which was denied on the merits; thus, he had already received the process required by § 1226(a) and failed to show a likelihood of success on the merits of his claims. (Doc. 8, citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207-14 (9th Cir. 2022)). The district judge referred the matter to the assigned magistrate judge for preparation of findings and recommendations on the merits of the Petition. (Doc. 8). On June 8, 2026, Petitioner filed an amended motion for temporary restraining order, which was denied on June 9, 2026, for the same reasons. (Docs. 15, 16).

In a consolidated response to the TRO and Petition, Respondents move to dismiss, arguing that the Petition should be dismissed without prejudice for failure to exhaust administrative remedies and that, under the *Mathews v. Eldridge*[2] factors, Petitioner received a meaningful opportunity to be heard. (Doc. 6). Petitioner filed supplemental briefing in support of the Petition, arguing that exhaustion does not bar habeas review because he is not challenging the bond determination "but rather the lawfulness of his detention in the first instance," and asserting that the bond hearing he received was not constitutionally adequate. (Doc. 14).

Petitioner is a citizen of Nepal who lawfully entered the country on a nonimmigrant F-1 student visa and was later charged as removable under § 1227(a)(1)(C)(i) for failing to maintain or comply with the conditions of the status under which he was admitted. The undersigned recommends the district court grant Respondent's Motion to Dismiss for the reasons set forth below.

## I. BACKGROUND

Petitioner is a citizen of Nepal who lawfully entered the United States on a nonimmigrant F-1 student visa on December 19, 2015. (Doc. 1 at 2). He attended college in the United States, and has an Employment Authorization Document valid from April 13, 2024, through April 12, 2029. (*Id.*). He has maintained employment, holds a valid California driver's license, and

[2] 424 U.S. 319 (1976).

volunteers in the community. (*Id.*). He applied for asylum in November 2020. (*Id.*). On August 15, 2024, Petitioner was arrested and charged with driving under the influence ("DUI") in violation of California Vehicle Code § 23152(a). (Doc. 6-4 at 4). On January 2, 2025, he was convicted of DUI and sentenced to two days in jail and three years of probation. (*Id.* at 5).

On October 2, 2025, ICE detained Petitioner at his residence in Rohnert Park, California, and on October 5, 2025, transferred him to the Mesa Verde Processing Center. (Doc. 1 at 2-3). Also, on October 2, 2025, U.S. Citizenship and Immigration Services ("USCIS") issued a Notice to Appear charging Petitioner with being removable under 8 U.S.C. § 1227(a)(1)(C)(i) for failing to maintain or comply with the conditions of the nonimmigrant status, and ordered him to appear before an Immigration Judge. (Doc. 6-1). On January 8, 2026, Petitioner received a custody redetermination under § 1226(a), and the immigration judge ("IJ") denied his request for a change in custody status, finding that he was a danger to the community. (Doc. 6-2 ("In light of Respondent's DUI, he did not provide sufficient evidence to establish that he is not a danger.")). On February 7, 2026, Petitioner timely appealed the IJ's ruling to the Board of Immigration Appeals ("BIA"). (Doc. 6-3). That appeal remains pending.

Petitioner remains detained pursuant to § 1226(a) at the Mesa Verde Processing Facility in Bakersfield, California.

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

////

A. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As relevant here, "district courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 538 U.S. 281, 294 (2018).

B. Due Process

The Fifth Amendment's Due Process Clause protects "persons" within the United States, including noncitizens, from deprivation of liberty without due process of law. *Trump v. J.G.G.*, 604 U.S. 670 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 305 (1993)*; Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). The scope of protection varies by immigration status and circumstance. *Zadvydas*, 522 U.S. at 693 ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law.").

Once noncitizens enter the country, even unlawfully, they are entitled to due process protections, and the Due Process Clause generally requires some form of hearing before the government deprives a person of liberty. *Id.*; *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission ... and those who are within the United States after an entry, irrespective of its legality. In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'*"); see also Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

The parties do not dispute that Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a). (Doc. 6 at 1; Doc. 14 at 2). Section 1226(a) authorizes arrest and detention of an alien pending a decision on removal and grants the government broad discretion to continue detention or release the alien on bond or conditional parole. § 1226(a); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). Federal regulations provide that noncitizens detained under § 1226(a) receive bond hearings at the outset of detention

and must show by a preponderance of the evidence that they are not a danger to the community or a flight risk. *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *Matter of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007).

1. Substantive Due Process

In his first ground for relief, Petitioner alleges that his detention violates substantive due process rights because he is "not a flight risk or danger to the community" and because the detention is punitive, lacking any reasonable relation to a legitimate government purpose. (Doc. 1 at 16-17). "Substantive due process prevents the government from engaging in conduct that shocks the conscience, or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987). In the criminal context, the Ninth Circuit has held that "[a] due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can be assigned to the detention, or the detention appears excessive in relation to its regulatory purpose." *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021). However, "while the existence of some threshold of per se due process violation may be 'undisputed,' it has also never been clearly delineated in the context of immigration detention." *Doe v. Becerra*, 704 F. Supp. 3d 1006, 1020 (N.D. Cal. 2023) (internal citation omitted), abrogated on other grounds in *Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024).

As an initial matter, contrary to Petitioner's assertion, the IJ found that he was a danger to the community in light of his DUI conviction, and Petitioner has appealed that decision to the BIA, where it remains pending and is therefore not properly before this Court. *See Martinez Leiva v. Becerra*, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023) ("[Petitioner's] argument that his detention has become punitive because he does not pose a flight risk or danger … might be correct. But that is what bond hearings are for."). Petitioner also offers no evidence that his detention is punitive rather than regulatory, or that it is not reasonably related to the government's purpose of facilitating his removal. The Supreme Court has repeatedly recognized "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. at 527; *see also Carlson v. Landon*, 342

U.S. 524, 538 (1952) ("Detention is necessarily a part of this deportation procedure."); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (civil detention in immigration proceedings is assumed to be "nonpunitive in purpose and effect"). Finally, as noted in this district, "[t]he substantive due process framework is best suited to mandatory detention schemes that, unlike § 1226(a), lack meaningful procedural protections as detention becomes prolonged." *Silva Villicana v. Warden*, 2026 WL 1816155, at *5 (E.D. Cal. Juen 24, 2026).

On the record before the Court, the undersigned recommends denying Petitioner's substantive due process claim.

2. Procedural Due Process

Petitioner argues his detention pursuant to § 1226(a) without a pre-deprivation bond hearing violated procedural due process. (Doc. 1 at 16-18). Respondents contend there is no due process violation because Petitioner received a bond hearing pursuant to § 1226(a) that afforded a meaningful opportunity to be heard, and because he must first exhaust the administrative review. (Doc. 6).

As held in analogous cases by the assigned district judge and other district courts, "Petitioner fails to establish a due process right to a pre-deprivation hearing prior to his detention and fails to establish that his arrest exceeded the government's statutory authority under § 1226(a)." *Okoth v. Kaiser*, 2026 WL 45199, at *2 (E.D. Cal. Jan. 7, 2026); *see also, e.g., Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 938 (N.D. Cal. 2025) ("the statutory protections of § 1226(a) require only a prompt post-deprivation hearing"); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *12 (E.D. Cal. Sept. 12, 2025) ("[The] Section 1226 framework typically provides for a post-detention, rather than pre-deprivation, bond hearings. If Section 1226 and its regulations are followed, this provides for sufficient process, as detentions will only be made upon an initial DHS determination that an individual is a flight risk or poses a danger to society."). Petitioner relies on cases involving noncitizens who had previously been released under § 1226(a) and later re-detained. (Doc. 1 at 18 (citing *Y.S.G. v. Andrews*, 2025 WL 2979309 (E.D. Cal. Oct. 22, 2025)). But this case is different because Petitioner entered on a valid F-1 student visa on December 19, 2015, and the record contains no prior detention and release by

immigration officials. (Doc. 1 at 14-16).

Instead, the record shows Petitioner was detained on October 2, 2025, and removal proceedings were initiated under 8 U.S.C. § 1227(a)(1)(C)(i) based on his failure to maintain or comply with the conditions of the nonimmigrant status. (Doc. 6-1). Pursuant to § 1226(a), Petitioner received a bond hearing on January 8, 2026, at which the IJ denied bond because Petitioner was a danger to the community. (Doc. 6-2). Petitioner appealed that decision to the BIA, and the appeal remains pending. Thus, Petitioner received due process under § 1226(a). *Rodriguez Diaz*, 53 F.4th at 1213 (Section 1226(a)'s post-detention bond procedures facially satisfy due process); *Zakharenkova v. Mullin*, 2026 WL 1454524, at * (C.D. Cal. May 19, 2026) (finding detainee held under § 1226(a) was not entitled to a pre-detention hearing because she was not re-detained after previous release on an order of supervision).

Respondents also rely on *Mathews v. Eldridge* to argue that Petitioner received a prompt post-deprivation hearing and therefore the process due under § 1226(a). Procedural due process requires the Court to determine: (1) whether a protected liberty interest exists; and if so, (2) what process is due. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972); *Garcia v. Andrews*, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). Neither party addresses whether Petitioner has a protected liberty interest here. Although prior apprehension and release can create a protected liberty interest in continued release, this case is distinguishable because Petitioner was not apprehended upon entry and later released on parole. *Cf., e.g., Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032-33 (N.D. Cal. 2025); *Solano v. Robbins*, 2025 WL 3718831, at *6 (E.D. Cal. Dec. 23, 2025) (collecting cases). Even if the Court applies *Mathews*,[3] Petitioner still fails to show entitlement to a pre-deprivation hearing.

First, the Court considers "the private interest that will be affected by the official action."

[3] The Ninth Circuit has noted that the Supreme Court "when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz*, 53 F.4th at 1206-07. However, considering the consistent use of *Mathews* by district courts in the Ninth Circuit to determine whether due process applies to the detention of noncitizens during removal proceedings, the Court applies those factors here while reserving judgment on whether *Mathews* is an "all embracing test" for due process challenges by immigrant detainees. *See A.E. v. Andrews*, 2025 WL 1424382, at *4 (citing *Dusenbury v. United States*, 534 U.S. 161, 168 (2002) ("we have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims.").

*Mathews*, 424 U.S. at 335. Petitioner argues that his private interest is "especially compelling" because he has lived in the United States for nearly a decade, maintained employment, developed community ties, and complied with reporting requirements. (Doc. 14 at 11-12). "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty [the Due Process] Clause protects." *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017). But § 1226(a) expressly authorizes detention pending a removal decision, and Petitioner's interest is tempered here by his lack of lawful status and the absence of any prior danger or risk of flight determination, especially after his DUI conviction. *See Song v. Janecha*, 2026 WL 2164151, at *3 (C.D. Cal. July 23, 2026) (citing *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032-33 (N.D. Cal. 2025)) (distinguishing individuals previously detained and then released as it creates an "implicit promise" that liberty will be revoked only if they violate conditions of their release).

Second, the Court considers "the risk of an erroneous deprivation" and the probable value of additional safeguards. *Mathews*, 424 U.S. at 335. Petitioner received substantial procedural protections, including a post-deprivation bond hearing where he was represented by counsel and had the opportunity to provide evidence, as well as a BIA review of the bond decision.[4] (Doc. 6 at 5). This case is also unlike those involving prior release determinations, where the risk of erroneous deprivation was greater. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Here, "because Petitioner had not previously undergone an assessment of [his] status or a determination as to whether [his] release would pose a danger to the community or a flight risk, providing [him] with a post detention hearing would pose only a low or moderate risk of erroneous deprivation of liberty." *Zakharenkova*, 2026 WL 1454524, at *4 (citing *Rodriguez Diaz*, 53 F.4th at 1209-10 (finding small risk of erroneous deprivation for petitioner detained under § 1226(a) as he received numerous procedural protections)).

Third, the Court considers the government's interest, "including the function involved and

---

[4] Petitioner argues on reply that the risk of erroneous deprivation is substantial because the procedures used in his post-deprivation bond hearing were deficient. (Doc. 14 at 12). As discussed below, that issue was not raised in the Petition and is not properly before the Court.

the fiscal and administrative burdens" of additional procedures. *Mathews*, 424 U.S. at 334. The Ninth Circuit has recognized the government's strong interest in preventing aliens from remaining in the United States in violation of our law, and the Supreme Court has instructed that f immigration control is a sovereign prerogative. *Rodriguez Diaz*, 53 F.4th at 1208. Petitioner was not previously in removal proceedings before his October 2025 detention, and the government had a significant interest in detaining him.

Balancing the *Mathews* factors, Petitioner has not shown that detention without a pre-deprivation hearing violated due process. The undersigned therefore recommends denying Petitioner's procedural due process claim.

Finally, Petitioner argues for the first time in his supplemental brief that the IJ's bond hearing was constitutionally deficient. (Doc. 14 at 5-9). He did not raise that claim in the Petition, and in the supplemental briefing he states that he "does not challenge a discretionary bond of [sic] determination, but rather the lawfulness of his detention in the first instance." (*Id*. at 10). Claims raised for the first time in reply or traverse need not be considered. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."); *Zamini v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief"). In any event, to the extent Petitioner challenges the adequacy of the bond hearing, he must first exhaust administrative remedies before seeking judicial review. *See, e.g., Okoth*, 2026 WL 45199, at *3-4; *Virgilio Bersain Morales Samayoa v. Warden, California City Imm. Processing Ctr*., 2026 WL 2110868, at *4 (E.D. Cal. July 22, 2026). Petitioner's appeal remains pending before the BIA, so he has not exhausted those remedies. If he wishes to challenge the constitutional adequacy of the bond hearing, he must do so in a separate habeas petition after exhaustion.

Accordingly, it is hereby RECOMMENDED**:**

Respondents' Motion to Dismiss (Doc. 6) be GRANTED to the extent the Petition is denied on the merits.

////

////

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: August 5, 2026

Helena M. Barch-Kuchta

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE