UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASANTA RAF KAFLE,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, Facility Administrator of Mesa Verde Detention Center; SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>Respondents. | Case No.: 1:26-cv-01663-KES-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENTS' MOTION TO DISMISS, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Docs. 1, 6, 18 |

Petitioner Basanta Raf Kafle is an immigration detainee proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 5, 2026, the assigned magistrate judge issued findings and recommendations to grant respondents' motion to dismiss the petition. Doc. 18. The findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. *Id.* On August 20, 2026, petitioner filed objections. Doc. 19.

In accordance with 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case. Having carefully reviewed the matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis. In his objections, petitioner argues that the findings and recommendations improperly declined to consider his allegation that the January 8, 2026 bond hearing was constitutionally inadequate, which he contends "falls squarely within" the procedural due process ground pleaded in the petition. Doc. 19 at 3. But in response to the motion to dismiss, petitioner stated: "The issue before this Court is *not* whether the Immigration Judge abused discretion in denying bond." Doc. 7 at 2 (emphasis added). As noted by the magistrate judge, to the extent petitioner raised a general argument regarding alleged constitutional inadequacies in his bond hearing, he did so only in his supplemental briefing. Doc. 18 at 8–9 (citing Doc. 14). And petitioner does not identify any evidence regarding alleged inadequacies at the bond hearing. Nor did petitioner move to amend his petition at the time he filed his supplemental briefing. The findings and recommendations did not err in finding that this new, undeveloped claim was not properly raised on this petition. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Accordingly:

1. The findings and recommendations issued on August 5, 2026 (Doc. 18) are adopted in full.
2. Respondents' motion to dismiss (Doc. 6) is granted.
3. The petition for writ of habeas corpus (Doc. 1) is dismissed without prejudice.
4. The Clerk of the Court is directed to terminate any pending motions/deadlines and close this case.

IT IS SO ORDERED.

Dated: September 6, 2026

UNITED STATES DISTRICT JUDGE